## Universal Film Exchanges, Inc., v. Hirsh

*Arlin M. Adams,* for plaintiff.

*Maurice Pollon* and *Henry I. Jacobson,* for defendants.

ALESSANDRONI, P. J., April 28, 1960 — Plaintiff's complaint in trespass alleges that the several defendants conspired to defraud and did defraud plaintiff of license fees charged for the privilege of exhibiting motion pictures. Plaintiff is a distributor of motion pictures; defendants owned and operated two theatres for the exhibition of films, some of which were distributed by plaintiff. This case is one of seven involving similar questions of fact and law, all of which, by agreement of counsel, have been consolidated in this action. Preliminary objections have been filed by the several defendants.

The complaint alleges that plaintiff licensed films to defendants for public exhibition in defendants' theatres. Defendants contracted to pay a license fee. Several methods were employed to fix the license fee: A flat fee, a fee based on admissions with a minimum or a fee computed without a minimum guarantee. The complaint alleges that the several defendants fraudulently and intentionally misstated the gross admission receipts and thereby deprived plaintiff of part of the license fees to which it was entitled; the conduct complained of occurred in the period January 1, 1948 to July 1959.

Defendants object that the complaint should be in assumpsit, and if the license agreements are in writing, then plaintiff must attach copies to the complaint.

It seems clear that where a complaint in trespass arises out of a breach of a contractual obligation, the action sounds in tort and is properly instituted in tres-

pass. The tortious conduct arises out of the breach of duty owed even though the duty is one imposed by a contract: Karp v. Sun Insurance Office, Ltd. (No. 2), 83 D. & C. 566. See also Pearl Assurance Company, Ltd., v. National Insurance Agency, Inc., 150 Pa. Superior Ct. 265, affirmed after reargument 151 Pa. Superior Ct. 146. The action is not for breach of contract; the contractual relationship merely outlines the duty imposed. In this case, accepting the averments of the complaint, it states that a conspiracy existed by, between and among the several defendants to defraud. The extent of the deception may be measured by reference to a contract, but the action is nevertheless one sounding in tort.

Defendants contend that the complaint is deficient in that it fails to aver whether or not the license agreements were in writing and if written plaintiff must attach copies: Pa. R. C. P. 1019(h). As plaintiff indicates the action is based on a tortious breach of a duty imposed by a contract; the contract is therefore only evidence of the duty and not the basis of the action. In addition, plaintiff might very well be relieved of the necessity of attaching between 200 and 250 agreements which it is said are involved. Since defendants have copies, it would be absurd and impracticable to require copies to be annexed to the complaint. This complaint complies with the provision of Pa. R. C. P. 1019(a) in that it states the material facts in a concise and summary form. It is also argued that the complaint fails to comply with the provisions of Pa. R. C. P. 1019(b) which requires that averment of fraud shall be stated with particularity, and Pa. R. C. P. 1019(f) which provides that averments of time and place must be specifically stated. The answer to this proposition is the fact that it is alleged that the conspiracy was a continuing one in a period of over nine years.

If required to plead time and place specifically, indeed if it were possible, plaintiff would be pleading evidence. Stating material facts in a concise and summary form precludes the pleading of evidence. The basic question is, does the complaint state a cause of action, and if it does, is it specific enough to apprise defendants as to what the basis of the complaint is?

The complaint conveys to defendants the nature and extent of plaintiff's claim and the acts of which complaint is made. It is alleged that defendants rendered intentionally false and incorrect statements of gross admission receipts, that defendants engaged in a plan, design and conspiracy to make such false and inaccurate statements. This manifestly advises defendants of that which is the basis of the action and that which they will be required to deny or explain. If defendants' objection were well taken, plaintiff would of necessity be pleading evidence. Cf. Roberts v. Peoples Cab Co., 7 D. & C. 2d 632.

The very nature of this action establishes that this complaint is sufficiently factual and specific to require defendants to answer.

### Order

And now, to wit, April 28, 1960, defendants' preliminary objections are dismissed; defendants must answer to the merits within 20 days of the date hereof.